## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2008

(Submitted: June 16, 2009            Decided: November 13, 2009
                                           Amended: December 22, 2009)

Docket No. 09-2128-cv

HAWKNET, LTD.,

         *Plaintiff-Appellant*,

         v.

OVERSEAS SHIPPING AGENCIES, OVERSEAS WORLDWIDE HOLDING GROUP, HOMAY GENERAL TRADING CO., LLC, MAJDPOUR BROS. CUSTOMS CLEARANCE, MAJDPOUR BROS. INTERNATIONAL SEA & LAND TRANSPORT, SA, GULF OVERSEAS GENERAL TRADING LLC, MOS OVERSEAS SHIPPING VERMITTLUNG GMBH, GULF OVERSEAS, LLC, and TOM SHIPPING VERMITTLUNG GMBH,

         *Defendants-Appellees.*[*]

Before: WINTER, CABRANES, HALL, *Circuit Judges*.

In our recent decision in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, __ F.3d __, No. 08-3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009), decided while the instant case was *sub judice*, the Court of Appeals held that an electronic funds transfer was not property attachable under a maritime attachment order in the district courts of New York pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal

---

[*] This case was originally decided on November 13, 2009. In light of plaintiff's petition for rehearing, we have revised our opinion. Accordingly, we vacate the opinion of November 13, 2009 and filed the present amended opinion in its place.

Rules of Civil Procedure. The present case is an appeal from an order entered on May 6, 2009 by

the United States District Court for the Southern District of New York (Naomi Reice Buchwald,

*Judge*) vacating a maritime attachment order. It raises the question of whether the rule announced in

*Shipping Corporation of India* applies retroactively. We conclude that it does. This appeal also raises

the question of whether a party's failure to assert an argument prior to the announcement of a

decision which might support it constitutes waiver. We conclude that it does not.

> Affirmed and remanded.

> Keith W. Heard, Burke & Parsons, New York, NY, *for Plaintiff-Appellant.*

> Robert K. Gross (Alan Van Praag and Edward W. Floyd, *on the brief*), Eaton & Van Winkle LLP, New York, NY, *for Defendant-Appellee TOM Shipping Vermittlung GmbH.*

JOSÉ A. CABRANES, *Circuit Judge*:

In our recent decision in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, __ F.3d __, No.

08-3477, 2009 WL 3319675 (2d Cir. Oct. 16, 2009), decided while the instant case was *sub judice*, we

held that an electronic funds transfer ("EFT") was not property attachable under a maritime

attachment order in the district courts of New York pursuant to Rule B of the Supplemental Rules

for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil

Procedure ("Rule B" of the "Admiralty Rules").[1] The present case is an appeal from an order

---

[1] Rule B(1)(a) of the Admiralty Rules states, in relevant part:

> If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property—up to the amount

entered on May 6, 2009 by the United States District Court for the Southern District of New York

(Naomi Reice Buchwald, *Judge*) vacating a maritime attachment order. It raises the question of

whether the rule announced in *Shipping Corp. of India* applies retroactively. This appeal also raises the

question of whether a party's failure to assert an argument prior to the announcement of a decision

which might support it constitutes waiver.

## BACKGROUND

The following facts are not disputed for the purposes of this appeal.

In June 2005, plaintiff-appellant Hawknet, Ltd. ("plaintiff" or "Hawknet"), a company

incorporated in England, entered into an agreement with defendant Overseas Shipping Agencies

("OSA"), a company incorporated in Iran, to charter three vessels to carry steel plate from Poland to

Iran. After the first of the three voyages, OSA defaulted on the contract.

In June 2007, Hawknet filed a maritime attachment lawsuit in the Southern District of New

York[2] pursuant to Rule B of the Admiralty Rules to obtain security from OSA for an eventual award

possibly resulting from arbitration proceedings over OSA's default on its contract with Hawknet. In

its complaint, Hawknet sought an order to attach the funds of OSA and various other shipping

---

sued for—in the hands of garnishees named in the process.

Fed. R. Civ. P. Supp. R. B(1)(a).

For an overview of the attachment of EFTs and its discontents, see *Shipping Corp. of India*, ___ F.3d ___, 2009 WL 3319675.

[2] As in *Shipping Corp. of India*, the parties here had no connection to New York or the United States other than that their *banks* had accounts in New York to facilitate the transfer of funds during overseas, dollar-denominated transactions.

For a detailed explanation of how international corporations often complete dollar-denominated transactions, see *Shipping Corp. of India*, ___ F.3d ___, 2009 WL 3319675, at *1 n.1.

agencies, including MOS Overseas Shipping ("MOS"), which Hawknet alleged were all part of an

Iranian business entity named Overseas Worldwide Holding Group.

The District Court ordered the attachment, which plaintiff served on several banks located

within the Southern District of New York that routinely handle EFTs. As a result, Hawknet

successfully attached funds being sent to OSA, as well as an EFT jointly initiated by TOM Shipping

Vermittlung GmbH ("TOM") and MOS. At the time, TOM was not yet a named defendant, but

MOS was a named defendant. On April 4, 2008, TOM moved to vacate the attachment; Hawknet

opposed the vacatur on the grounds that TOM was a corporate alter ego of MOS.[3]

After discovery on the corporate identity of TOM, the District Court held a hearing on April

10, 2008 pursuant to Rule E(4)(f) of the Admiralty Rules.[4] The District Court determined that

Hawknet "ha[d] sufficiently alleged alter ego status," but that additional discovery was required in

order for Hawknet "to prove, or not, the alter ego relationship between TOM and the [named

---

[3] The relationship of TOM to OSA, MOS, or any other named defendant was central to the case because Rule B(1)(a) of the Admiralty Rules only permits attachment of a "defendant's tangible or intangible property." If TOM were a corporate alter-ego of a named defendant, the attachment could issue; if not, the attachment would be invalid. *See generally Transfield ER Cape Ltd. v. Indus. Carriers, Inc.*, 571 F.3d 221 (2d Cir. 2009).

[4] Rule E(4)(f) of the Admiralty Rules states:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. This subdivision shall have no application to suits for seamen's wages when process is issued upon a certification of sufficient cause filed pursuant to Title 46, U.S.C. §§ 603 and 604 or to actions by the United States for forfeitures for violation of any statute of the United States.

Fed. R. Civ. P. Supp. R. E(4)(f).

4

defendants]." *Hawknet Ltd. v. Overseas Shipping Agencies*, No. 07 Civ. 5912, 2008 U.S. Dist. LEXIS 35542, at \*17-19 (S.D.N.Y. Apr. 29, 2008) ("*Hawknet I*"). Accordingly, the Court vacated the original attachment of TOM's funds but stayed its order to permit plaintiff to replead and name TOM as a defendant. *Id.* at \*7-8, \*19. The Court also ordered additional discovery on the corporate identity of TOM. *Id.* at \*19.

Following the conclusion of the court-ordered discovery, the District Court considered all the evidence presented by the parties and determined that Hawknet "ha[d] not shown, by a preponderance of the evidence, that TOM and MOS are alter-egos." *Hawknet Ltd. v. Overseas Shipping Agencies*, No. 07 Civ. 5912, 2009 U.S. Dist. LEXIS 44023, at \*19 (S.D.N.Y. May 6, 2009). Accordingly, the District Court vacated the order of attachment against TOM but granted a five day stay to allow Hawknet to seek a stay from the Court of Appeals in the event that it appealed the order. *Id.* at \*20.

Hawknet now appeals, seeking that the attachment order be reinstated. We continued the stay issued by the District Court until we completed our review of the merits of the case. On appeal, plaintiff argues that the District Court applied too stringent a burden of proof when considering whether TOM and MOS were alter-egos. In a letter brief dated November 2, 2009 addressing the effect of *Shipping Corp. of India* on its case, defendant argues that the appeal is moot as a result of our holding in that case. Plaintiff responds, in a letter brief dated November 3, 2009, that *Shipping Corp. of India* does not apply retroactively. In the alternative, plaintiff argues that if our holding in *Shipping Corp. of India* does apply retroactively, defendant nevertheless cannot now assert an argument arising from that holding because defendant failed to make any such argument before the District Court.

5

## DISCUSSION

This appeal presents two questions regarding the application of our recent holding in *Shipping Corp. of India*: first, whether it applies retroactively and, second, whether a party effectively waives an argument on appeal by failing to assert the argument before the district court prior to the announcement of an appellate decision that might support it.[5]

### A.

It is well established that there is a general presumption against the retroactive application of statutes and regulations, *see, e.g.*, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 273 (1994); *Islander E. Pipeline Co., LLC v. Conn. Dep't of Envtl. Prot.*, 482 F.3d 79, 93 (2d Cir. 2006), but no such presumption applies here. In *Harper v. Virginia Department of Taxation*, the Supreme Court concluded that "[w]hen this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review." 509 U.S. 86, 97 (1993). We applied the rule announced in *Shipping Corp. of India* to the parties in that case,[6] and, therefore, the rule announced in that case has retroactive effect

---

[5] We have appellate jurisdiction over a district court's vacatur of a maritime attachment under the "collateral order" exception to 28 U.S.C. § 1291. *See Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 688-89 (1950); *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 712 (2d Cir. 1987).

[6] In *Shipping Corp. of India*, we affirmed the District Court's order vacating the attachment on EFTs for which defendant was the beneficiary based on the rule announced in that case. ___ F.3d at ___. We did not vacate the EFTs for which defendant was the originator in *Shipping Corp. of India* only because those EFTs were not discussed in the District Court's order that was appealed and thus we did not have jurisdiction to review the validity of the attachment of EFTs for which defendant was an originator. ___ F.3d at ___.

to all cases open on direct review—including this case.[7]


**B.**


Next, plaintiff argues in its letter brief dated November 3, 2009 that defendant waived its right to assert on appeal that the District Court lacks personal jurisdiction over defendant because defendant did not make any such argument before the District Court.[8]  Although it is true as a general matter that an appellate court will not consider arguments unless they were raised before the district court, *see, e.g.*, *Baker v. Dorfman*, 239 F.3d 415, 423 (2d Cir. 2000); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998), "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made," *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981); *see also id.* ("[T]he mere failure to interpose such a defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground . . . ." (quoting *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143 (1967))). Put differently, the doctrine of waiver demands conscientiousness, not clairvoyance, from parties. Prior to *Shipping Corp. of India*, an argument that the court lacked jurisdiction over defendant would

---

[7] Although we recognize that the parties relied on *Winter Storm Shipping, Ltd. v. TPI*—the case we overruled in *Shipping Corp. of India*—when structuring their transactions, the Supreme Court has held that a reliance interest is insufficient to overcome the presumption of retroactivity set forth in *Harper*. *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 753-54 (1995). Accordingly, the presumption of retroactivity set forth in *Harper* applies in this case.

[8] It is well-established that a party can waive its right to challenge the district court's personal jurisdiction over it. *See* Fed. R. Civ. P. 12(h)(1) ("A party waives a[ ] defense [of lack of personal jurisdiction] by . . . failing to either: (i) make it by motion . . . or (ii) include it in a responsive pleading . . . ."); *see also Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (holding that a delay in challenging personal jurisdiction may result in waiver).

have been directly contrary to controlling precedent in this Circuit. *See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002). Because our holding in *Shipping Corp. of India* overruled that precedent—which had governed this area of law and commerce for seven years—it provided defendant with a new objection to the District Court's jurisdiction over it, and we conclude that defendant did not waive this objection by failing to raise it before the District Court.

## C.

Having concluded that our holding in *Shipping Corp. of India* applies retroactively and that defendant did not waive its right to object to the District Court's lack of personal jurisdiction, we now consider whether the District Court properly retains personal jurisdiction in this case.

The District Court asserted personal jurisdiction over TOM only because EFTs of which TOM was a either an originator or beneficiary were within the Court's jurisdiction; this was sufficient, under the now-overruled precedent of *Winter Storm*, 310 F.3d at 278, to establish personal jurisdiction over a defendant. After our decision in *Shipping Corp. of India*, an EFT of which a defendant is either an originator or a beneficiary is no longer attachable under Rule B. Accordingly, for the District Court properly to maintain personal jurisdiction in this case, the Court would have to conclude that it can exercise personal jurisdiction by some other means.

This, however, seems unlikely. Rule B permits attachment only when "defendant is not found within the district," Fed. R. Civ. P. Supp. R. B(1)(a), thus allowing the assertion of personal jurisdiction by a district court only in the narrow class of cases where the defendant has property within the district, but not a sufficient presence within the district so that it is "found within the district." Under the now-defunct rule of *Winter Storm* and its progeny, an EFT within the district of

8

which defendant is an originator or beneficiary could be the basis for asserting *quasi in rem* jurisdiction under Rule B. Now that EFTs are no longer sufficient to establish *quasi in rem* jurisdiction in a New York federal court, Hawknet must establish that the District Court has personal jurisdiction over TOM by some other means. As noted above, however, TOM appears to have only tenuous connections with New York and is perhaps not subject to the jurisdiction of a New York court.

Although we find it unlikely that Hawknet can establish that the District Court has personal jurisdiction over TOM, we believe that Hawknet should have an opportunity, in the changed legal landscape, to assert that the District Court has a basis for personal jurisdiction over TOM.

## CONCLUSION

For the foregoing reasons, the May 6, 2009 Order of the District Court is **AFFIRMED** insofar as the District Court vacated the attachment of EFTs of which TOM was the originator or beneficiary. The cause is **REMANDED** to the District Court with instructions to enter an order to show cause why it should not dismiss the complaint for lack of personal jurisdiction.

Appellant's request for oral argument is denied. We vacate our June 18, 2009 order staying the order of the District Court. Each party shall bear its own costs.