09-3160-ag
Lin v. Holder

BIA
Morace, IJ
A078 712 485

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand ten.

PRESENT:
>    ROBERT D. SACK,
>    REENA RAGGI,
>    RICHARD C. WESLEY,
>        *Circuit Judges.*

_____

SHUN GUAN LIN,
>        *Petitioner,*

>        v.                                          09-3160-ag
>                                                    NAC

UNITED STATES DEPARTMENT OF JUSTICE, ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondents.*

_____

FOR PETITIONER:          Yee Ling Poon, New York, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shun Guan Lin, a native and citizen of the People's Republic of China, seek review of a June 26, 2009, order of the BIA affirming the June 20, 2008, decision of Immigration Judge ("IJ") Philip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shun Guan Lin*, No. A078 712 485 (B.I.A. June 26, 2009), *aff'g* No. A078 712 485 (Immig. Ct. N.Y. City June 20, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

**I.  Family Planning Claim**

As a preliminary matter, the IJ properly applied our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d

2

296, 309-12 (2d Cir. 2007) (*en banc*), in denying Lin's application for relief. Contrary to Lin's argument, to the extent that decision was the controlling authority at the time the IJ rendered his oral decision, he was bound to apply it. *See Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97-98 (1993) (holding that courts are bound "to apply a rule of federal law retroactively after the case announcing the rule has already done so" in all cases still open on direct review); *Accord Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91 (2d Cir. 2009).

Furthermore, we find no merit in Lin's argument that he is eligible for relief under "traditional principles of refugee law." Our holding *Shi Liang Lin* is entirely dispositive of his claim that he was persecuted by virtue of his wife's forced sterilization. *See Shi Liang Lin*, 494 F.3d at 309-12. For the spouse of someone who was forcibly sterilized to establish eligibility for relief, he must demonstrate: (1) "resistance" to a coercive family planning policy; and (2) that he "suffered harm amounting to persecution on account of that resistance" or has a well-founded fear of such persecution. *Id.* at 313 (citing *Matter of S-L-L*, 24 I. & N. Dec. at 10) (BIA 2006). The IJ and BIA

3

properly found that, even if Lin demonstrated that helping his wife hide from authorities constituted "other resistance" to China's population control policy, the fine imposed on him did not amount to persecution. As the IJ found, despite the fine, Lin was able to continue working for the four years he remained in China, he ultimately paid off the fine, and was still able to borrow $54,000 to finance his trip to the United States. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-72 (BIA 2007) (defining persecution as including "the deliberate imposition of a severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life"*).*

Ultimately, because Lin was unable to meet his burden of proof for asylum, he was unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief to the extent his application rested on his family planning claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

**II. Illegal Departure**

As to Lin's claim that he fears persecution and torture for having illegally departed China, the agency reasonably

4

found that "[p]unishment for violation of a generally applicable criminal law is not persecution." *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992); *see also Matter of Sibrun*, 18 I. & N. Dec. 354, 359 (BIA 1983) (holding that "the possibility that the applicant may be subjected to criminal prosecution and perhaps severe punishment as a result of his illegal departure from [his home country] does not demonstrate a likelihood of persecution under the Act"). Moreover, the country conditions evidence in the record indicates that, at most, Lin would be issued a small fine and that he would be detained for a short period of time for health and identity checks. Accordingly, the record does not compel the conclusion that Lin was eligible for asylum or withholding of removal based on his illegal departure. *See Saleh*, 962 F.2d at 239; *see also Matter of Sibrun*, 18 I. & N. Dec. at 359.

Finally, the agency reasonably denied Lin's application for CAT relief insofar as it was based on his illegal departure from China. As we have held, absent any particularized evidence, an applicant cannot demonstrate that he will more likely than not be tortured "based solely on the fact that [he] is part of the large class of persons

5

who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (emphasis in original).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk