09-4956-cv
China National Chartering Corp. v. Pactrans Air & Sea, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand eleven.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                  *Circuit Judges*.

---

CHINA NATIONAL CHARTERING CORP.,

              *Plaintiff-Appellee*,

        -v.-                                        09-4956-cv

PACTRANS AIR & SEA, INC.,

              *Defendant-Third-Party-Plaintiff-Counter-Defendant-Appellant*,

DEVON SAFETY PRODUCTS, INC.,

              *Third-Party-Defendant-Counter-Claimant*,

SUPPLY MARKETING CORP.,

              *Third-Party-Defendant*.

---

For Appellant:      Bill Xian Feng Zou, Law Offices of Xian Feng Zou, Flushing, NY.

For Appellee:       Patrick F. Lennon and Charles E. Murphy (*on the brief*), Lennon Murphy Caulfield, LLC, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the case be and hereby is **REMANDED** to the district court.

Pactrans Air & Sea, Inc. ("Pactrans") appeals from a November 16, 2009 judgment recognizing, confirming, and enforcing a foreign arbitration award against Pactrans of $543,814.74 plus interest and fees. Pactrans argues that the district court lacked personal jurisdiction over Pactrans. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

In its complaint, China National Chartering Corp. ("CNCC") requested an order of maritime attachment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure. CNCC relied on *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002), which held that electronic fund transfers ("EFTs") – momentary electronic passages of funds from one bank account to an intermediary bank to another account – were attachable property sufficient for personal jurisdiction in the district in which the intermediary bank was located. *Id.* at 278. CNCC alleged that Pactrans "cannot be found within this District within the meaning of Rule B of the Supplemental Rules" but has "or will have" assets within the District in the hands of various banks. Counsel for CNCC submitted a sworn affidavit stating that "I have attempted to locate the Defendant, Pactrans Air & Sea Inc., within this District. . . . I submit that the Defendant cannot be found within this District within the meaning of Rule B." The district court granted CNCC's request, and CNCC successfully attached $658,104.40 in EFTs.

In July 2009, having received a foreign arbitration award of $543,814.74, CNCC petitioned the district court for recognition, confirmation, and enforcement of the arbitration award.

On October 16, 2009, this Court overruled *Winter Storm*'s holding that EFTs processed at an intermediary bank were defendant's attachable property under Rule B. *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58, 72 (2d Cir. 2009). Three days later, Pactrans filed a motion to vacate the maritime attachment based on the Court's decision in *Jaldhi*.

Before deciding Pactrans's motion to vacate the attachment, the district court, on November 13, 2009, granted CNCC's petition to recognize, confirm, and enforce the foreign arbitration award. The district court did not specify the grounds for the court's personal jurisdiction over Pactrans. On November 16, 2009, the district court entered judgment against Pactrans. On November 19, 2009, Pactrans filed a motion requesting, inter alia, that the district court (1) reconsider or allow reargument on CNCC's petition to recognize, confirm, and enforce the foreign arbitration award; (2) deny such petition for lack of jurisdiction; and (3) vacate the judgment. The district court set oral argument on the motion for December 7, 2009. On November 23, 2009, the district court vacated the maritime attachment, in light of this Court's decision in *Jaldhi*.

2

On November 30, 2009, fourteen days after judgment was entered, Pactrans appealed, arguing that the district court lacked personal jurisdiction over it and erred in recognizing, confirming, and enforcing the arbitration award. On December 3, 2009, the parties conducted a hearing by teleconference with this Court regarding bond pending appeal. During the hearing, this Court referenced Pactrans's November 19, 2009 motion pending before the district court and asked, "Are you appealing a final judgment or are you looking for reconsideration in the District Court?" After failing to reach agreement with CNCC to consent to Pactrans's withdrawal of that motion, Pactrans withdrew the motion on December 7, 2009, and continued its appeal in this Court.

In light of this Court's holdings in *Jaldhi* and *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 91 (2d Cir. 2009) (applying *Jaldhi* retroactively to cases open on direct review), the district court's maritime attachment could not have provided personal jurisdiction over Pactrans. CNCC agrees and asks that we affirm on alternative grounds – that Pactrans waived any objection to personal jurisdiction by its actions in this case. We decline to do so. In *Hawknet*, this Court stated that although the defendant did not object to personal jurisdiction before the district court, the "defendant did not waive its right to object to the District Court's lack of personal jurisdiction." 590 F.3d at 92. The defendant in *Hawknet* defended itself heartily before the district court, filing multiple motions to vacate the district court's attachment of its EFTs, answering the plaintiff's complaint, and filing numerous memoranda of law and declarations. Not only did the *Hawknet* Court not find that the defendant had waived its personal jurisdiction objection, it stated that "we find it unlikely that [the plaintiff] can establish that the District Court has personal jurisdiction over TOM," *id.*, given the earlier Rule B attachment, which required a finding that the "defendant is not found within the district," Fed. R. Civ. P. Supp. R. B(1)(a).

Likewise, in this case, CNCC's counsel submitted a sworn affidavit stating that Pactrans "cannot be found within this District within the meaning of Rule B" and the district court ordered Rule B attachment. However, as in *Hawknet*, we believe that CNCC should have an opportunity, in the changed legal landscape, to assert that the district court has a basis for personal jurisdiction over Pactrans.

Therefore, we **REMAND** pursuant to the procedure outlined in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994), for the district court to determine whether it decided the personal jurisdiction issue before it entered judgment, and if not, to enter an order to show cause why it should not dismiss the complaint for lack of personal jurisdiction.* The parties are to inform the Clerk of

---

* In an order dated December 10, 2009, the district court noted that Pactrans had filed, and later withdrawn, a motion for an order that CNCC show cause why the action should not be dismissed for lack of personal jurisdiction. As we understand that order, the district court expressly refused to decide both the question of personal jurisdiction and whether Pactrans had waived that question, and also stated that it did not consider itself to have decided those questions earlier. The district court's refusal to act likely was appropriate, especially as it may have lacked jurisdiction over the case at that time, given that there were no pending post-judgment motions and a timely notice of appeal had been filed, divesting the district court of jurisdiction. *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir. 2004). If in fact the district court does not consider itself to have decided these questions previously, we ask it to do so in the first instance, as we did in *Hawknet*. *See* 590 F.3d at 92-93.

the Court by letter within fourteen days of the district court's decision on remand if either side wishes to continue this appeal. Following such notification, jurisdiction over this appeal will be automatically restored to this Court without the need for either party to file a new notice of appeal. After jurisdiction is restored, this panel will resume consideration of the case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk