Rivadeneira Manosalvas v. Sessions

BIA
Straus, IJ
A078 678 815

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand eighteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> _Circuit Judges,_
> EDWARD KORMAN,*
> _District Judge._

_____

MARIO BELFOR RIVADENEIRA
MANOSALVAS, AKA MISAEL GUTIERREZ
GARCIA, AKA MIGUEL GARCIA,
> _Petitioner,_

> v.                                            16-3943

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> _Respondent._

_____

FOR PETITIONER:           Glenn L. Formica, Elyssa N. Williams,
                          Formica Williams, P.C., New Haven, CT.

---

* Judge Edward Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR RESPONDENT:**          Chad A. Readler, Acting Assistant
                            Attorney General; Douglas E. Ginsburg,
                            Assistant Director; Jenny C. Lee,
                            Trial Attorney, Office of Immigration
                            Litigation, United States Department
                            of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Mario Belfor Rivadeneira Manosalvas ("Rivadeneira"), a native and citizen of Ecuador, seeks review of an October 27, 2016 decision of the BIA affirming a December 23, 2015 decision of an Immigration Judge ordering Rivadeneira's removal and denying his application for cancellation of removal. *In re Mario Belfor Rivadeneira Manosalvas,* No. A 078 678 815 (B.I.A. Oct. 27, 2016), *aff'g* No. A 078 678 815 (Immig. Ct. Hartford Dec. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Rivadeneira received a charging document entitled "Notice to Appear" in 2000 and was ordered removed in absentia in 2001 under an alias, but never departed the United States. In 2015, he was served with another charging document, also entitled "Notice to Appear," and sought cancellation of removal. An alien like Rivadeneira may establish eligibility for cancellation of removal if he can demonstrate, among other requirements, that he "has been physically present in the United States for a continuous period of

not less than 10 years immediately preceding the date of [his] application." 8 U.S.C. § 1229b(b)(1)(A). However, under the stop-time rule, "any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . when the alien is served a notice to appear under" 8 U.S.C. § 1229(a). *Id.* § 1229b(d)(1). The agency denied cancellation, reasoning that the service of Rivadeneira's 2000 charging document prevented Rivadeneira from accruing the required ten years of continuous physical presence in the United States.

We retain jurisdiction to consider the question of law at issue in this case: whether the 2000 charging document stopped Rivadeneira's accrual of physical presence for cancellation of removal. *See id.* §§ 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-40 (2d Cir. 2008). For the reasons discussed below, we vacate and remand due to an intervening Supreme Court decision that calls into question whether the stop-time rule was triggered in 2000 in Rivadeneira's case. *See Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

As noted above, the BIA's conclusion that Rivadeneira was ineligible for cancellation of removal rested on a determination that Rivadeneira's 2000 charging document was sufficient to trigger the stop-time rule. *See, e.g.*, J.A. at 5 ("[T]he Notice to Appear terminated [Rivadeneira's] continuous physical presence in 2000."). The Government has produced a copy of Rivadeneira's

3

2000 charging document in its supplemental brief on appeal.[1]  The charging document does not list a hearing date.[2]  In *Pereira*, the Supreme Court held that service of a charging document will not trigger § 1229b(d)(1)'s stop-time rule unless the charging document includes a hearing date.  *Pereira*, 138 S. Ct. at 2113– 14.  *Pereira* expressly abrogated this Court's precedent, which had deferred to the BIA's position that a charging document stops the time even if it does not list a hearing date.  *See id.* & n.4; *Guaman-Yuqui v. Lynch*, 786 F.3d 235, 238-41 (2d Cir. 2015) (per curiam); *Matter of Camarillo*, 25 I. & N. Dec. 644, 651 (B.I.A. 2011).  *Pereira* also therefore implicitly overrode the BIA's determination that Rivadeneira's 2000 charging document alone triggered the stop-time rule.  The BIA's decision must therefore be vacated.[3]

---

[1] We note that this document was not included in Rivadeneira's Certified Administrative Record.  We will therefore assume *arguendo*, and without making a factual determination, that this document accurately represents Rivadeneira's 2000 charging document.

[2] Incidentally, we note that Rivadeneira's 2015 charging document does not appear to specify a hearing date either. *See* J.A. 360.

[3] Although Rivadeneira did not challenge the adequacy of his 2000 charging document before the agency, his failure to exhaust is excused because our precedent at the time foreclosed his argument. *See, e.g.*, *Gucci Am., Inc. v. Weixing Li,* 768 F.3d 122, 135 (2d Cir. 2014) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made." (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009))).

4

The Government contends that any defect in Rivadeneira's 2000 charging document was cured by service of a subsequent hearing notice. *See, e.g., Guamanrrigra v. Holder*, 670 F.3d 404, 410–11 (2d Cir. 2012) (per curiam). This issue was not raised before the BIA, and we decline to address it in the first instance on appeal. Accordingly, we remand for the BIA to consider, in light of *Pereira*, whether and when the stop-time rule was triggered in Rivadeneira's proceedings.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Because we have completed our review, Rivadeneira's stay motion is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

5