**ANA DISTRIBUTION, INC., Plaintiff,**

v.

**CMA–CGM (AMERICA) INC., Defendant.**

**No. 04 CV 2798(JSR).**

United States District Court, S.D. New York.

Aug. 12, 2004.

Leonard Kreinces, Kreinces & Rosenberg, P.C., Westbury, NY, for Plaintiff.

Paul Michael Keane, Sr., Cichanowicz, Callan, Keane, Vengrow & Textor, New York City, for Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Defendant CMA–CGM (America), Inc. ("CMA–CGM") is the U.S. branch of a common carrier headquartered in Marseilles, France. Having been sued in this Court by plaintiff Ana Distribution, Inc. ("Ana"), a New York importer of perishable agricultural commodities, CMA–CGM moves to dismiss on the basis of a forum selection clause that mandates that any such suit be brought in the Courts of Marseilles. Ana opposes or, in the alternative, asks for further discovery bearing on the motion before it is decided.

By way of background, Ana purchased three orders of pumpkins from a European vendor, whose agent, one Bahador Ramchait, hired CMA–CGM to ship the pumpkins to Ana. When the pumpkins arrived in spoiled condition, Ana sought to recover its damages from the carrier, CMA–CGM, by bringing this suit, alleging two counts of breach of contract and one count of negligence.

As a common carrier doing business in the United States, CMA–CGM is required to publicly notice all its standard tariff terms including the terms and conditions pertaining to its bills of lading and transportation agreements. *See* U.S.C.App. § 1707(a)(1). Specifically, such terms and conditions appear on defendant's website, www.cma-cgm.com and include the following clause:

All actions under the contract of Carriage evidenced by this Bill of Lading shall be brought under the "Tribunal de Commerce de MARSEILLE" and no other Court shall have jurisdiction with regards to any such action.

Declaration of Johnnie Mack Van Vleek dated June 7, 2004 ("Van Vleek Decl.") at ¶ 10. This forum selection clause is therefore deemed incorporated in any CMA–CGM agreement to ship goods. *See Ins. Co. of N. America v. S.S. American Argosy*, 732 F.2d 299, 303 (2d Cir.1984). In addition, at least the first two of the three bills of lading issued in connection with these shipments to Ana contained the following language:

All claims and disputes arising under or in connection with this bill of lading shall be determined by the courts of MARSEILLES at the exclusion of the courts of any other country.

Van Vleek Decl., Exh. 1 (CMDU-POS017632, CMDUPOS017819).

■ Despite the mandatory language of these clauses, Ana opposes transfer on several grounds. First, plaintiff argues that the photocopies of the bills of lading provided by CMA–CGM are illegible and incomplete. It is true that the photocopies which appear as Exhibit 1 to the Van Vleek Declaration are of poor quality and, especially as to the third bill of lading,

seemingly incomplete; but, even on the photocopies, the forum selection clause is clearly visible and legible on the first two of the bills. More importantly, as previously noted, the forum selection language in defendant's publicly-noticed standard terms and conditions applies automatically, even if (as arguably in the case of the third bill) no such language appears on the bill itself.

■ Second, Ana argues that since it was not the party that hired CMA–CGM to ship the goods but simply the consignee, it is not bound either by CMA–CGM's publicly-noticed standard terms and conditions or by such terms and conditions as appear on the bills of lading. The caselaw is clear, however, that where, as here, a consignee brings an action of this kind, not against its vendor but against the vendor's carrier, arguing in effect that the consignee is a third party beneficiary of the contract between the vendor and the carrier, the consignee is bound by all the terms of the contract on which it sues.[1] *See, e.g., Mitsui & Co. (USA) Inc. v. Mira M/V*, 111 F.3d 33, 36 (5th Cir.1997)("by filing a lawsuit for damages under the bill of lading, Mitsui has accepted the terms of the bill of lading, including the unnegotiated forum selection clause"); *Farrell Lines Inc. v. Columbus Cello–Poly Corp., et. al.,* 32 F.Supp.2d 118, 125 (S.D.N.Y.1997)("defendants filed suit on the Bill of Lading, and thereby accepted its terms").

■ Third, Ana argues that the forum selection clause is "fundamentally unfair," and therefore unenforceable in this case, *see Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), because French procedure does not provide for meaningful discovery. This,

---

**1.** The contracts here on which Ana grounds two of its claims are the bills of lading. But even Ana's negligence claim is ultimately grounded in the existence of the relationship and concomitant duties created by the bills of lading.

however, misapprehends French procedure. While the French system, being inquisitorial rather than adversarial, does not contemplate the kind of enormous extra-judicial pre-trial discovery that some would argue is the bane of the American system, the French system still provides procedures for reasonable discovery. For example, the discovery of documents in France occurs in a process called "communication des piéces." If a party does not spontaneously produce basic documents, a party can ask the judge to call upon the adversary to make such a communication. A judge may then order the communication as he sees fit. *See* Jean Vincent & Serge Guinchard, Procédure Civile 793 (27e ed., Dalloz 2003), Administration Judicaire de la Preuve, Section 1, subsection 1, La production volontaire et la communication des piéces entre les parties; Nicolas Marie Kublicki, An Overview of the French Legal System from an American Perspective, 12 B.U. Int'l L.J. 58, 86 (1994). Thus, as former Judge Conboy noted in rejecting an argument similar to Ana's: "there are several perfectly adequate discovery methods available under French law, albeit not as extensive as those available in our courts." *Ernst v. Ernst*, 722 F.Supp. 61, 67 (S.D.N.Y.1989)

The Court has also considered Ana's other arguments, including its unsupported request for discovery, and finds them to be entirely without merit. Accordingly, defendant's motion to dismiss is granted, plaintiff's motion for discovery is denied, and the complaint is dismissed without prejudice to plaintiff's bringing suit against defendant in the courts of Marseilles. Clerk to enter judgment.

SO ORDERED.