10-0976-cv
Eitzen Bulk A/S v. Ashapura Minechem, Ltd.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Argued: January 26, 2011      Decided: February 15, 2011)

Docket No.  10-0976-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EITZEN BULK A/S,

Plaintiff-Appellee,

ABC,

Plaintiff,

v.

ASHAPURA MINECHEM, LTD.,

Defendant-Appellant,

DEF, ASHAPURA GROUP OF INDUSTRIES, ASHAPURA SHIPPING LIMITED,
ASHAPURA INTERNATIONAL LIMITED, BOMBAY MINERALS LTD., ASHAPURA
CLAYTECH LTD., ASHAPURA ALUMINUM LTD., EAGLE FUEL PVT. LTD.,
PRASHANSHA CERAMICS LTD., PENINSULA PROPERTY DEVELOPERS PRIVATE
LTD., SHARDA CONSULTANCY PRIVATE LTD., ASHAPURA CONSULTANCY
SERVICE PRIVATE LTD., ASHAPURA MINECHEM UAE (FZE), ASHAPURA
HOLDINGS UAE (FZE), ASHAPURA MARITIME FZE, ASHAPURA SHIPPING
(UAE) FZE, ASHAPURA SHIPPING UAE, ASHAPURA FINANCE LTD., ASHAPURA
INFIN PVT LTD., ASHA PRESTIGE CO., ASHAPURA VOLCLAY LTD.,
ASHAPURA VOLCLAY CHEMICALS PRIVATE LTD., ASHAPURA AL-ZAWAWI
MINERALS, LLC, SHANTILAL MULTIPORT INFRASTRUCTURE PRIVATE LTD.,
ASHAPURA ARCADIA LOGISTIC PRIVATE LIMITED, ASHAPURA CHINA,
ASHAPURA CHINA CLAY COMPANY, MANICO MINERALS INTERNATIONAL,
ASHAPURA AMCOL.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

B e f o r e:   WINTER, SACK, and LIVINGSTON, Circuit Judges.

Appeal from an order of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, Judge) denying a defendant-appellant's motion to vacate maritime attachments of electronic fund transfers entered prior to our decision in Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009).  Plaintiff's claim was reduced to final judgment pre-Jaldhi but has not yet been executed against the attached funds, which were retained by the banks in suspense accounts pursuant to the Rule B attachments.  We hold that the entry of a judgment upholding plaintiff's claim as to liability does not affect the retroactive applicability of Jaldhi where that judgment has not yet been executed against the attached property.  Accordingly, we vacate the decision and remand with instructions to release the property.

CHARLES BART CUMMINGS, Baker & McKenzie LLP, New York, New York, for Defendant-Appellant.

MICHAEL E. UNGER (Lawrence J. Kahn, Eric J. Matheson, on the brief), Freehill Hogan & Mahar LLP, New York, New York, for Plaintiff-Appellee.

WINTER, Circuit Judge:

Ashapura Minechem, Ltd., appeals from Judge Hellerstein's order denying its motion to vacate maritime attachments of electronic fund transfers ("EFTs") entered pursuant to Rule B

2

of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"). Fed. R. Civ. P. Supp. R. B. We have previously held that EFTs are not properly attachable under Rule B, Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), and that Jaldhi applies retroactively "to all cases open on direct review." Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87, 91 (2d Cir. 2009). We now hold that EFTs attached pre-Jaldhi must be released where the plaintiff obtained a final judgment but has not executed it against the attached funds that are being retained by banks in suspense accounts pursuant to Rule B attachments.

Accordingly, we vacate and remand with instructions to release the attached property.

BACKGROUND

The underlying dispute does not concern us. It suffices to say that, in September 2008, Eitzen, the plaintiff, obtained a Rule B attachment of EFTs of which Ashapura, the defendant, was an originator or beneficiary. By early 2009, Eitzen had attached over $1.7 million in EFTs, which the garnishee banks transferred into suspense accounts. Eitzen ultimately obtained an arbitration award in London of approximately $36.6 million, which it moved to confirm in the Southern District. On July 24, 2009, before our decision in Jaldhi, the district court entered judgment for the full amount of the arbitration award

3

and ordered the garnishee banks to turn the restrained property over to Eitzen within ten days after entry of the judgment. Ashapura did not appeal. Eitzen's collection efforts were stalled when other creditors of Ashapura asserted their own claims against the funds in the suspense accounts. By March 24, 2010, however, those creditors' claims were all either voluntarily withdrawn or determined against them, leaving only Eitzen's attachment in effect.

On November 9, 2009, Ashapura filed a motion to vacate the Rule B attachment pursuant to Jaldhi. The district court denied the motion. Noting that this case "involve[d] actual funds, held in suspense accounts, not EFTs," and that, under Jaldhi and Hawknet, it "lacked jurisdiction to order the funds attached," the court stated that "they nevertheless were attached and plainly [the court has] jurisdiction to order their disposition." It held that neither Jaldhi nor Hawknet "confronted issues arising from an evasive judgment debtor or multiple claims of creditors, including a judgment creditor." The court then upheld the attachment as an exercise of its equity powers. Ashapura brought the present appeal.

DISCUSSION

Eitzen argues that this case is not governed by Jaldhi and Hawknet because the district court's judgment and turnover order below caused the attachment to "merge" into the final judgment prior to the filing of those opinions. Eitzen further

4

contends that <u>Hawknet</u>'s retroactive application of <u>Jaldhi</u> does not apply here because the case is no longer "open on direct review," <u>Hawknet</u>, 590 F.3d at 91, given Ashapura's failure to appeal.  We find both arguments unpersuasive.

The attachment of EFTs between Ashapura and third parties was invalid under the rule announced in <u>Jaldhi</u>, 585 F.3d at 71. Because the judgment against Ashapura was not executed against the funds, its finality did nothing to alter the legal basis of the banks' retention of the funds in the suspense accounts. <u>See</u> <u>Scanscot Shipping Servs. GmbH v. Metales Tracomex LTDA</u>, 617 F.3d 679, 682 (2d Cir. 2010) ("The new suspense account neither cures the jurisdictional defect nor provides a basis for reattachment of the same funds.").

Although the question of Ashapura's liability may no longer be "open on direct review," <u>Hawknet</u>, 590 F.3d at 91, the funds remaining in suspense accounts were being retained by the banks solely on the basis of the Rule B attachment and that retention was therefore open to review on a Rule E(4)(f) motion.[1]  The reduction of Eitzen's claim to judgment

---

[1]At oral argument, a question arose as to the existence of tension between <u>Jaldhi</u>'s holding that EFTs "are not the property of either the originator or the beneficiary," 585 F.3d at 71, and Supplemental Rule E(4)(f), pursuant to which the present motion was brought.  Rule E(4)(f) states that "any person claiming an interest in [the attached property] shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the . . . attachment should not be vacated . . . ."  Fed. R. Civ. P. Supp. R. E(4)(f).  While <u>Jaldhi</u> and <u>Hawknet</u> state that at the time of attachment, the funds are not property of either the originator or the beneficiary for purposes of Rule B, each has an interest in the funds because the attachment affects the legal relations between them.  Moreover, preventing a party such as Ashapura from moving to vacate an illegal attachment would lead to a ruling

5

eliminated all doubt as to Ashapura's liability, but neither Jaldhi nor Hawknet turned on the strength of the merits of the underlying actions brought by the attaching parties. And so far as the equities between the parties favoring Eitzen are concerned, we have specifically forbidden resort to equitable considerations in addressing motions to vacate pre-Jaldhi attachment orders. See Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 214 (2d Cir. 2010) ("[F]ar from encouraging district courts to apply Jaldhi selectively based on an examination of the equitable considerations in the remaining EFT-attachment cases, Hawknet requires district courts to vacate any attachment orders granted before [the] decision in Jaldhi insofar as those orders are now inconsistent with Jaldhi."). We consequently hold that the district court was obligated, pursuant to Jaldhi and Hawknet, to vacate the attachment order.[2]

that while the district court has power to order an illegal attachment, it has no power to vacate it -- a result that cannot be intended by Rule E(4)(f). Finally, Hawknet itself involved a Rule E(4)(f) motion. See Hawknet, 590 F.3d at 90, 93 (relying on Jaldhi to affirm district court's vacatur of attached EFTs under Rule E(4)(f)).

[2]We note that this resolution is consistent with both the Federal Rules of Civil Procedure and New York law, although we rely on neither. Under the latter, it would appear that attachments may be vacated at any time before property or debts are actually applied to the satisfaction of a judgment: "Prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt." N.Y.C.P.L.R. 5239. This state procedural rule is operable in an execution of a federal money-judgment based on Federal Rule of Civil Procedure 69(a)(1), which provides that "[t]he procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

6

<u>CONCLUSION</u>

For the foregoing reasons, we vacate the district court's order denying Ashapura's motion to vacate the Rule B attachment and remand with instructions to release those funds.

---

Fed. R. Civ. P. 69(a)(1); <u>see</u> Thomas J. Schoenbaum, <u>Admiralty and Maritime Law</u> § 21-16 (4th ed. 2010) ("Execution, postjudgment garnishment, and other supplementary proceedings [related to maritime attachment] are available in accordance with the practice and procedure of the state in which the federal district court is located." (citing Fed. R. Civ. P. 69(a))).