10-1777-cv
A.P. Moller-Maersk A/S v. Comercializadora de Calidad S.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand eleven.

PRESENT:   DENNIS JACOBS,
                      *Chief Judge*,
               GUIDO CALABRESI,
               REENA RAGGI,
                      *Circuit Judges*.

----------------------------------------------------------------------------

A.P. MOLLER-MAERSK A/S,
               *Plaintiff-Appellee*,

               v.                                                      No. 10-1777-cv

COMERCIALIZADORA DE CALIDAD S.A.,
d.b.a. QUALITY PRINT, S.A.,
               *Defendant-Cross-Defendant-Appellant*,

OCEAN EXPRESS MIAMI,
               *Defendant-Cross-Claimant*,

CARGA GLOBAL, S.A., CANIZ INTERNATIONAL
CORPORATION, CANIZ LOGISTICA, S.A.,
               *Defendants-Cross-Defendants*.[*]

----------------------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption to read as shown above.

APPEARING FOR APPELLANT:   CHARLES S. DONOVAN (Lisa M. Lewis, *on the brief*), Sheppard, Mullin, Richter & Hampton LLP, New York, New York.

APPEARING FOR APPELLEE:   ERIC E. LENCK (William J. Pallas, *on the brief*), Freehill Hogan & Mahar LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 22, 2009, is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED to the district court for further proceedings consistent with this order.

Defendant Comercializadora de Calidad S.A., d.b.a. Quality Print, S.A. ("Quality Print") appeals from the district court's (1) judgment in favor of plaintiff A.P. Moller-Maersk A/S ("Maersk") on its claims of, inter alia, breach of contract and abuse of process; (2) enjoinment of Quality Print's related lawsuits in Panama and Guatemala; (3) contempt sanction for Quality Print's violation of the injunction; and (4) denial of a motion to modify the judgment to vacate maritime attachments of Quality Print's electronic fund transfers ("EFTs"), see Fed. R. Civ. P. Supp. R. B(1).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.   Judgment on Maersk's Claims

Quality Print submits that the district court (a) lacked admiralty jurisdiction and (b)

erred in failing to recognize that Quality Print was not bound by the forum selection clause in Maersk's bill of lading. Neither argument has merit.

### a. Subject Matter Jurisdiction

On appeal from the denial of a challenge to subject matter jurisdiction, we review a district court's factual findings for clear error and its legal conclusions de novo. See APWU v. Potter, 343 F.3d 619, 623-24 (2d Cir. 2003). The district court did not err in concluding that it possessed admiralty jurisdiction, see 28 U.S.C. § 1333(1), because Maersk's claims indisputably involve a multimodal contract "requir[ing] substantial carriage of goods by sea" to transport Quality Print's four printing press containers from Milwaukee to Guatemala. Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd., 543 U.S. 14, 27 (2004); ProShipLine, Inc. v. Aspen Infrastructures, Ltd., 585 F.3d 105, 114 (2d Cir. 2009) ("[A] contract confers maritime jurisdiction so long as its principal objective is maritime commerce." (internal quotation marks and ellipsis omitted)). Quality Print's assertion that it is not bound by the contract confuses the jurisdictional question with the merits of Maersk's claims.

### b. Forum Selection Clause

Quality Print asserts that the instant action could not be maintained in the Southern District of New York because it was unaware of and not a party to the forum selection clause. See Phillips v. Audio Active Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007) (stating that courts considering enforcement of forum selection clause inquire (1) whether clause (a) was "reasonably communicated to" resisting party; (b) is "mandatory or permissive"; and (c) applies to "claims and parties" at issue; and (2) whether resisting party rebutted presumption

3

of enforceability with "strong showing that enforcement would be unreasonable or unjust" or that clause is invalid (internal quotation marks omitted)).  The record is to the contrary.

Quality Print's claim that it lacked notice of the forum selection clause is belied by its insistence on $10 million cash security to avoid arrest of Maersk's cargo vessels unless Maersk agreed to waive the forum selection clause.  Moreover, as discussed more fully below, Quality Print's foreign suits repeatedly cited to Maersk's booking confirmation covering Quality Print's four containers, which incorporated Maersk's standard bill of lading by reference.  Maersk's standard bill of lading, including the forum selection clause, was available on Maersk's website.  Quality Print's alleged inability "to obtain even a copy" of the bill of lading until six months after initiating the Panamanian actions, Appellant's Br. at 19, refers only to Maersk's purported refusal to provide the original bill of lading for the three containers delivered to Guatemala, not to Quality Print's knowledge of the forum selection clause.  This record is sufficient to demonstrate that the forum selection clause was reasonably communicated to Quality Print.

Quality Print further submits that it cannot be bound by the forum selection clause because it is not a party to Maersk's bill of lading or booking confirmation, which is between an intermediary shipper and Maersk.  Quality Print's "non-signatory status is not dispositive of the question of applicability of [the] forum clause," Phillips v. Audio Active Ltd., 494 F.3d at 391, because the record before the district court demonstrated that Quality Print adopted the booking confirmation by relying on it to bring two separate foreign actions against Maersk, see Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty, 408 F.3d 1250, 1254

(9th Cir. 2005) ("[A] cargo owner 'accepts' a bill of lading to which it is not a signatory by bringing suit on it.").

Specifically, Maersk alleged that Quality Print filed in rem and in personam complaints in Panama seeking damages for "the total loss of its printing machinery," Second Am. Compl. ¶¶ 31, 34, after one of its four containers was purportedly damaged by flooding from Hurricane Katrina when it did not arrive in time for shipment. Maersk attached to its complaint Quality Print's Panamanian complaints, which repeatedly refer to the booking confirmation. Maersk further submitted multiple affidavits stating that Quality Print's Panamanian complaints sought damages for the containers covered by the booking confirmation and alleged that the printing press was the "object of the cargo transportation contract by sea." Decl. of Gabriel Sosa ¶ 3.[1] Maersk also alleged that Quality Print brought a third action against Maersk's agent in Guatemala. Maersk's declarations stated that Quality Print's Guatemalan claims were "essentially the same" as those brought in Panama, seeking breach of contract damages and citing the booking confirmation as evidence. Decl. of Jose Estuardo Luna ¶¶ 2-5. Although Quality Print submitted an affidavit in opposition to Maersk's motion to dismiss, claiming that Quality Print's Guatemalan suit was based on

---

[1] The parties also submitted to the district court an English translation of the lower Panamanian court's decision to retain jurisdiction. Although the Panamanian court held the forum selection clause inapplicable because no bill of lading issued for the fourth container, it described the booking confirmation and characterized Quality Print's claims as seeking damages for a printing press subject to a contract of transport. We note that the Panamanian Supreme Court eventually reversed, determining that the booking confirmation is the operative contract and that, as a result, the forum selection clause applies.

damages from Maersk's failure to deliver an original bill of lading for the three transported containers, Quality Print failed to oppose Maersk's Rule 56.1 Statement, which stated that Quality Print's Panamanian and Guatemalan lawsuits alleged "loss/damage to the same printing press carried under Maersk['s] Booking Confirmation." Rule 56.1 Stmt. ¶ 10.[2]

Based on this record, the district court did not err in concluding that Quality Print's foreign suits asserted breach of contract claims that necessarily relied on the booking confirmation to succeed and that, as a result, on the facts of this case, Quality Print adopted the booking confirmation by bringing suit on it, thereby binding itself to the bill of lading incorporated by reference, including the forum selection clause. See Kukje Hwajae Ins. Co. v. M/V Hyundai Liberty, 408 F.3d at 1254; Ana Distribution, Inc. v. CMA-CGM (Am.) Inc., 329 F. Supp. 2d 565, 567 (S.D.N.Y. 2004) (binding consignee to forum selection clause agreed to by goods' seller because consignee sued carrier under bill of lading, "in effect" arguing that it was a third party beneficiary).[3]

---

[2] During this appeal, the parties have submitted at our request translations of Quality Print's foreign complaints. We are not persuaded that the translation of the Guatemalan complaint raises sufficient ambiguity regarding whether the Guatemalan suit relied, at least in part, on the booking confirmation. In any event, we need not address the issue. Because Quality Print never submitted translations to the district court, the record below supported Maersk's claims.

[3] We need not address Quality Print's assertion in its supplemental submission that its Panamanian suits were based only on the bill of lading that Caniz International Corporation ("Caniz") issued to Quality Print because Quality Print failed to raise this argument in its opening or reply brief. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005). In any event, Quality Print's claim is contradicted by its repeated citation to Maersk's booking confirmation and failure to name Caniz as a defendant in its foreign actions.

Nor must we address the district court's alternative holding that the intermediary

6

2.      Anti-Suit Injunction

Quality Print challenges the district court's enjoinment of its foreign lawsuits on the grounds that those suits (1) did not frustrate public policy as Quality Print was not bound by the forum selection clause and (2) were not vexatious or likely to cause delay, inconvenience, expense, inconsistency, or a race to judgment.  See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 500 F.3d 111, 119 (2d Cir. 2007) (discussing requirements for issuance of anti-foreign-suit injunction).  We review the district court's grant of an anti-suit injunction for abuse of discretion.  See id. at 118-19.

As an initial matter, we conclude that Quality Print's challenge to the enjoinment of its Panamanian actions is moot because it was able to pursue those proceedings to the Panama Supreme Court, which dismissed the actions based on the forum selection clause. Quality Print is free to seek modification or termination of the injunction from the district court.

Quality Print forfeited its arguments regarding enjoinment of the Guatemalan suit by failing to raise them in the district court.  See, e.g., Kendall v. Emps. Ret. Plan of Avon Prods., 561 F.3d 112, 123 (2d Cir. 2009).  Indeed, Quality Print failed to oppose Maersk's motion for an injunction and did not file an interlocutory appeal.  See 28 U.S.C. § 1292(a)(1). Even if we were to consider Quality Print's arguments, we would not identify an abuse of

---

shipper's agreement to the booking confirmation bound Quality Print through limited agency principles.  See Norfolk S. Ry. Co. v. James N. Kirby, Pty Ltd., 543 U.S. at 33-35 (holding that intermediary may bind cargo owner to "liability limitations for negligence resulting in damage").

7

discretion because, as discussed above, the record before the district court supported its determination that Quality Print relied on the booking confirmation to file suit after Maersk initiated the federal action and despite the forum selection clause. The evidence of duplicative suits also supported the district court's determination that the Guatemalan suit was vexatious and likely to cause significant delay, inconvenience, expense, inconsistency, and a race to judgment. Moreover, the district court was entitled to consider the totality of Quality Print's actions in both foreign suits, including its arrest of Maersk's vessels at the "choke point" of the Panama Canal and its insistence on cash security to release the vessels unless Maersk waived its forum defense.

3. Contempt Sanction

Regardless of the propriety of the anti-suit injunction, we identify no abuse of discretion in the district court's contempt finding, see Southern New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 145 (2d Cir. 2010) (reviewing contempt finding under "more rigorous" "abuse of discretion standard" (internal quotation marks omitted)), because Quality Print indisputably failed to comply with the district court's unambiguous order, see Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 656 (2d Cir. 2004) (noting that party who disagrees with district court order expected to obey "decree until it is modified or reversed" (internal quotation marks omitted)). We nevertheless vacate the contempt sanction and remand for clarification.

Although a civil contempt sanction may "serve dual purposes" of "secur[ing] future compliance with court orders" and "compensat[ing] the party that has been wronged," such

8

sanction may not be "purely punitive." Id. at 657-58 (noting that compensatory sanction must "correspond at least to some degree with" damages caused by contumacious conduct). It appears that the district court awarded Maersk attorneys' fees for the foreign lawsuits and interest on the $10 million bond based on Quality Print's contempt and the grant of summary judgment on Maersk's contract and abuse of process claims. But because the judgment does not distinguish between the damages that accrued before or after the anti-suit injunction, we cannot be sure that the contempt portion is not punitive. Accordingly we remand to the district court for clarification without expressing a view as to whether any change need be made to the judgment amount.

4.     EFT Attachment

Quality Print challenges the district court's refusal to vacate the EFT attachment. Regardless of whether we review de novo or for abuse of discretion, compare Scanscot Shipping Servs. GmbH v. Metales Tracomex LTDA, 617 F.3d 679, 681 (2d Cir. 2010) (reviewing de novo district court's legal conclusion regarding whether EFTs "properly attachable"), with Southern New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d at 143 (reviewing district court's imposition of contempt sanctions for abuse of discretion), we conclude that the EFT attachment must be vacated.

Maersk acknowledges that our holding in Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), cert. denied, 130 S. Ct. 1896 (2010), invalidated Rule B attachments of EFTs, and that Jaldhi applies retroactively to cases open on direct review. See Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87, 91 (2d

9

Cir. 2009).  Maersk nevertheless asserts that this case presents a "narrow exception" to Jaldhi because of the district court's discretionary power to award contempt sanctions and the "compelling equitable considerations."  Appellee's Br. at 32, 35 (internal quotation marks omitted).  We have "specifically forbidden resort to" such "equitable considerations in addressing motions to vacate pre-Jaldhi attachment orders."  Eitzen Bulk A/S v. Ashapura Minechem, Ltd., 632 F.3d 53, 55 (2d Cir. 2011).  Accordingly, we conclude that the district court was obligated to vacate the attachment order, see Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 214 (2d Cir. 2010), and we remand the case with directions to order such vacatur.

5.    Conclusion

We have considered Quality Print's remaining arguments on appeal and conclude that they are without merit.  Accordingly, the district court's judgment is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10