*Herod's Stone Design v. Mediterranean Shipping Company S.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand twenty-one.

PRESENT:

    DENNIS JACOBS,
    RICHARD J. SULLIVAN,
    JOSEPH F. BIANCO,
      *Circuit Judges.*

_____

HEROD'S STONE DESIGN,

    *Plaintiff-Appellant,*

  v.                No. 20-637

MEDITERRANEAN SHIPPING
COMPANY S.A.,

    *Defendant-Cross-*
    *Claimant-Appellee,*

  v.

BNSF RAILWAY COMPANY,

*Defendant-Cross-Defendant-Appellee.*[*]

_____

**For Plaintiff-Appellant:**          MICHAEL M. COHEN, Law Offices of Michael M. Cohen, Englewood, NJ.

**For Defendant-Cross-Claimant-Appellee:**          WILLIAM J. PALLAS (William H. Yost, *on the brief*), Freehill Hogan & Mahar LLP, New York, NY.

**For Defendant-Cross-Defendant-Appellee:**          CHRISTOPHER J. MERRICK (Jeffrey D. Cohen, *on the brief*), Keenan Cohen & Merrick P.C., Ardmore, PA.

Appeal from the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Herod's Stone Design ("HSD") sued Appellees Mediterranean Shipping Company S.A. ("MSC") and MSC's appointed rail carrier, BNSF Railway

---

[*] The Clerk of Court is respectfully directed to amend the caption as set forth above.

2

Co. ("BNSF"), in New Jersey state court for state law consumer fraud, contract, and tort claims relating to damages to HSD's cargo. After removal and transfer, the United States District Court for the Southern District of New York (Torres, *J.*) granted summary judgment in favor of MSC and dismissed the claims against BNSF, holding, among other things, that the U.S. Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note ("COGSA"), preempted HSD's state law claims, and that such claims were time-barred under COGSA's statute of limitations. The court also found that HSD's claims against BNSF were barred by the terms and conditions in the sea waybill (the "Waybill"), which governed the agreement between HSD and MSC for the carriage of HSD's goods. HSD appeals, principally arguing that COGSA does not have preemptive force when extended to inland activity by contract, and that HSD's claims are not time-barred.

**I.      Claims Against BNSF**

The Court of Appeals reviews a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*. *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019).

We first address the appeal as to BNSF and affirm on the ground relied upon

3

by the district court, which HSD fails to address on appeal. The district court correctly held that the Waybill's terms bar suit against subcontractors, including BNSF. As the district court recognized, the Second Circuit has held that an exoneration clause that unambiguously relieves subcontractors of liability – like that contained in the Waybill – is enforceable and prohibits suits against parties other than the carrier (MSC). *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 178, 180 (2d Cir. 2014). The Waybill expressly relieves MSC's subcontractors, including rail transport operators like BNSF, from suit. Therefore, we affirm the district court's Rule 12(b)(6) dismissal of the claims against BNSF.

## II. Claims Against MSC

### A. COGSA Preemption

HSD argues that when COGSA applies by reference as a contractual term, rather than by statutory force, it does not preempt conflicting New Jersey state law claims. And even if COGSA's one-year statute of limitations applies, HSD contends that it was subject to equitable estoppel. Both arguments are unavailing.

4

This Court reviews "*de novo* a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all inferences and resolving all ambiguities in favor of that party"; we therefore "will affirm an order granting summary judgment only when no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Tompkins v. Metro-N. Commuter R.R. Co.*, 983 F.3d 74, 78 (2d Cir. 2020) (brackets and internal quotation marks omitted); *accord Royal & Sun All. Ins., PLC v. Ocean World Lines, Inc.*, 612 F.3d 138, 144 (2d Cir. 2010).

"By its terms, COGSA governs bills of lading for the carriage of goods 'from the time when the goods are loaded on to the time when they are discharged from the ship.'" *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 29 (2004) (quoting 46 U.S.C. § 1301(e)). In addition, "COGSA also gives the option of extending its rule[s] by contract," including to periods of inland transport. *Id.* (citing 46 U.S.C. § 1307). Contracts with the "primary objective" to transport goods by sea are maritime contracts, even if they "call for some performance on land," such as when the "final leg" of a journey is "by rail." *Id.* at 24.

The Waybill is a maritime contract governed by federal maritime law, as its primary purpose was to transport goods by sea from China to California, and then,

by amendment, by rail to New York. *See* Suppl. App'x at 78; *see generally Mitsui Sumitomo Ins. Co. v. Evergreen Marine Corp.*, 621 F.3d 215, 216 n.1 (2d Cir. 2010) ("A waybill typically functions in the same way as a bill of lading, except that it is non-negotiable."). By its language, the Waybill's terms and conditions extend COGSA to inland carriage. Because HSD sued under this through-Waybill, it is uncontested that the parties are bound by its terms – including, therefore, COGSA. *See A.P. Moller-Maersk A/S v. Comercializadora de Calidad S.A.*, 429 F. App'x 25, 28 (2d Cir. 2011) ("A cargo owner accepts a bill of lading . . . by bringing suit on it." (brackets, citation, and internal quotation marks omitted)). And, as the Supreme Court has explained, *Kirby* "held that the through bill's terms governed under federal maritime law, notwithstanding contrary state laws," including to the inland portion of a journey. *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 99 (2010). "Applying state law to cases like this one [where the same liability limitation applied to both sea and land] would undermine the uniformity of general maritime law." *Kirby*, 543 U.S. at 28. "In protecting [that] uniformity," the Supreme Court "reinforce[d] the liability regime Congress established in COGSA," recognizing that "the apparent purpose of COGSA . . . would be defeated" if a shipping company who permissibly "chose to extend

6

[COGSA's] default rule to the entire period in which the [cargo] would be under its responsibility, including the period of the inland transport," could not "enjoy the efficiencies of the default rule" because it "did not apply equally to all legs of the journey." *Id*. at 29.

*Kirby's* reasoning demonstrates that COGSA should be understood to preempt contrary state law claims of liability where, as here, COGSA's default rules are extended by a maritime contract and governed under federal maritime law. *See Sompo Japan Ins. Co. of Am. v. Union Pac. R.R. Co.*, 456 F.3d 54, 71 n.17 (2d Cir. 2006) ("*Kirby* would appear to effectively overrule those cases, like *Colgate Palmolive*, that hold that contracts extending COGSA's terms beyond the tackles must yield to conflicting state law," where the contracts consist of a "substantial" sea component), *abrogated on other grounds by Kawasaki*, 561 U.S. at 100. In light of *Kirby* and *Sompo*, the Waybill, and COGSA's limitations on liability incorporated therein, does not yield to conflicting state law, and HSD's attempts to distinguish its position from *Kirby* and *Sompo* are meritless. So too is HSD's belief that § 3(8) of COGSA voids agreements that relieve the carrier from negligence liability, as that provision voids such agreements "other[] than as provided in this chapter." COGSA § 3(8); *see Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528,

534 (1995). It is therefore inapplicable here, where the dispute centers on COGSA's own liability limitations.

## B. Statute of Limitations

HSD argues that even if COGSA's statute of limitation applies, its claims – which would otherwise be time-barred – would be subject to equitable estoppel. Not so.

"A defendant will be estopped from asserting the COGSA statute of limitations as a defense where a plaintiff can show that he was misled by the defendants into reasonably and justifiably believing that the statute of limitations would not be used as a defense or would be extended." *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 331 (2d Cir. 1993), *abrogated on other grounds by Kirby*, 543 U.S. at 30. "[T]he basic question in determining whether an estoppel exists is whether plaintiff has been justifiably misled by defendant's actions," so that "defendant's actions have lulled plaintiff into a false sense of security and so induced him not to institute suit in the requisite time period." *Austin, Nichols & Co. v. Cunard S.S. Ltd.*, 367 F. Supp. 947, 949 (S.D.N.Y. 1973).

Here, there is no genuine question of fact as to whether MSC lulled HSD

into a false sense of security. Evidence from both parties shows that MSC consistently requested documentation from HSD before it could process the claim. HSD does not dispute that in May 2017, an MSC representative wrote "without prejudice and without admission of liability" to HSD's claims processing agent, reminding him that MSC required a formal claim statement document and that it remained the claimant's duty to mitigate damages. App'x at 179, 307. HSD's agent submitted a declaration attesting that he received an email to that effect, and immediately called the MSC representative to explain that "it began to feel as though MSC was looking for a technicality to get out of liability." *Id.* at 301. At this point – the last communication in the record before the statute of limitations lapsed – HSD could not have had a sense of security that MSC would pay its claim. Accordingly, the district court properly rejected HSD's equitable estoppel argument.

We have considered HSD's remaining arguments and find them to be meritless. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9